# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **THOMAS DALE RANES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| 1.  **ERIC J. HILL, in his individual capacity** | ) | |
| **and in his official capacity as a police officer for** | ) | **CASE NO. 12-cv-517-GKF-FHM** |
| **the City of Tulsa Police Department,** | ) | |
| | ) | |
| 2.  **HAROLD R. WELLS, in his individual** | ) | |
| **capacity and in his official capacity as a police** | ) | *Jury Trial Demanded* |
| **officer for the City of Tulsa Police Department,** | ) | |
| | ) | *Attorney Lien Claimed* |
| 3.  **ERNEST BRUCE BONHAM, in his** | ) | |
| **individual capacity and in his official capacity as** | ) | |
| **a police officer for the City of Tulsa Police** | ) | |
| **Department,** | ) | |
| | ) | |
| 4.  **DAN TEDRICK,  in his individual capacity** | ) | |
| **and in his official capacity as a police officer for** | ) | |
| **the City of Tulsa Police Department,** | ) | |
| | ) | |
| 5.  **RON PALMER, in his individual capacity** | ) | |
| **and in his official capacity as Chief of Police for** | ) | |
| **the City of Tulsa Police Department,** | ) | |
| | ) | |
| 6.  **THE CITY OF TULSA, a municipality and** | ) | |
| **political subdivision of the State of Oklahoma,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

**COMES NOW** Thomas Dale Ranes, Plaintiff in the above-entitled action, by and

through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, RICHARDSON

RICHARDSON BOUDREAUX KEESLING, pursuant to the Court's Order of August 27, 2013 [*Dkt.*

*No. 35*], files this First Amended Complaint, alleging as follows:

## JURISDICTION /VENUE /PARTIES

1.      Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331, as well as 28 U.S.C.A. § 1343, pursuant to claims arising under 42 U.S.C.A. § 1983, and supplemental jurisdiction under 28 U.S.C.A. § 1367(a), incorporating state law claims arising from the same transaction or occurrence.

2.      Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3.      Plaintiff Thomas Dale Ranes, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma.

4.      Defendant Eric J. Hill ("Hill"), at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma, and further, was an individual employed by the City of Tulsa as a duly-authorized police officer for the Tulsa Police Department, with the authority to act under color of Oklahoma laws to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of the City of Tulsa.

5.      Defendant Harold R. Wells ("Wells"), at all times relevant to the claims alleged herein, upon information and belief, was a citizen of the State of Oklahoma, and further, was an individual employed by the City of Tulsa as a duly-authorized police officer for the Tulsa Police Department, with the authority to act under color of Oklahoma laws to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of the City of Tulsa, and further, upon information and belief, is, at the time this action is being filed, an inmate with the Federal Bureau of Prisons in the Terre Haute FCI, Terre Haute, Indiana.

6.      Defendant Ernest Bruce Bonham ("Bonham"), at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma, and

further, was an individual employed by the City of Tulsa as a duly-authorized police officer for the Tulsa Police Department, with the authority to act under color of Oklahoma laws to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of the City of Tulsa.

7. Defendant Dan Tedrick ("Tedrick"), at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma, and further, was an individual employed by the City of Tulsa as a duly-authorized police officer for the Tulsa Police Department, with the authority to act under color of Oklahoma laws to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of the City of Tulsa.

8. Defendant Ron Palmer ("Palmer"), at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma, and further, was an individual employed by the City of Tulsa as the Chief of Police for the Tulsa Police Department, and as such was the final policy-maker for the City of Tulsa Police Department, particularly regarding personnel decisions regarding transfers and the making of assignments of Tulsa Police Department personnel to particular divisions and units, as well as the oversight and final decision-making pertaining to investigations of the Internal Affairs Division ("IAD").

9. Defendant City of Tulsa ("City"), at all times relevant to the claims alleged herein, was and is a municipality governed by charter within the State of Oklahoma, and is the political subdivision which employed Defendants Eric J. Hill, Harold R. Wells, Bruce Bonham, Dan Tedrick, and Ron Palmer as members of the City of Tulsa Police Department.

10. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

## STATEMENT OF FACTS:
## FACTS EXHIBITING POLICY /CUSTOM /PRACTICE /USAGE OF THE CITY OF TULSA BY AND THROUGH ITS POLICE DEPARTMENT

11.     Plaintiff Thomas Dale Ranes incorporates paragraphs 1 through 10 herein as if fully set forth verbatim.

12.     In the summer of 2009, a Federal Grand Jury began an investigation into corrupt and unlawful practices by personnel within the City of Tulsa Police Department.

13.     Pursuant to said Grand Jury Investigation, on or about July 19, 2010, indictments were handed down alleging that numerous crimes and civil rights violations had been committed by officers of the City of Tulsa Police Department, as well as with the assistance of at least one Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), Brandon Jay McFadden ("McFadden"), who had been permitted unfettered and unsupervised participation in Tulsa Police Department investigations with Tulsa Police Department officers.  *See United States of America v. Brandon Jay McFadden,* 10-cr-058-JHP [*Dkt. No. 2*], Indictment filed April 7, 2010 (N.D. Okla.), *and United States of America v. Jeff M. Henderson and William A. Yelton*, 10-cr-117-BDB [*Dkt. No. 2*], Indictment filed July 19, 2010, and [*Dkt. No. 111*] Superseding Indictment filed Sept. 24, 2010 (N.D. Okla.).  [*See paragraphs 21 to 22 for further*].

14.     Defendants Eric J. Hill, Harold R. Wells, and Bruce Bonham, likewise, were also indicted and /or named for a variety of acts that constituted crimes and civil rights violations against various citizens during the relevant time period, all while acting under color of law and the authority granted to them by the City of Tulsa, actions which did not include allegations involving instant Plaintiff Thomas Dale Ranes. *See United States of America v. Harold R. Wells, Nick DeBruin and Ernest Bruce Bonham,* 10-cr-116-BDB [*Dkt. No. 2*], Indictment filed July 19, 2010 (N.D. Okla.).

15.     Under said Indictment, Defendant Harold R. Wells, Defendant Ernest Bruce Bonham, as well as Nick DeBruin, all of whom were officers employed by the City of Tulsa Police Department, were named as Defendants, while several other officers of the Tulsa Police Department were named as unindicted co-conspirators, which included John K. "J.J." Gray, Callison Kaiser, and Defendant Eric Hill.

16.     The allegations of the six City of Tulsa police officers named in paragraph 15 *supra* included the following:

a.      Count 1:  On or about January 2008, Defendant Wells, Defendant Hill, along with Gray and Kaiser, under color of the authority granted to them by the City of Tulsa to act as law enforcement officers, conspired to violate the civil rights of Hugo Gutierrez by unlawfully searching his residence, seizing a large amount of cash, and dividing said cash among themselves for their own personal benefit.

b.      Count 2:  Connected with Count 1 as alleged in subparagraph a *supra,* Defendant Wells, Defendant Hill, along with Gray and Kaiser, conspired to file a false search warrant affidavit in order to conduct the unlawful search and seizure, thereby depriving Hugo Gutierrez of his right to due process of law.

c.      Count 6:  From January 2006 to December 2009, Defendant Wells, Defendant Bonham, and DeBruin conspired to unlawfully arrest, convict and imprison persons by planting small quantities of marijuana, methamphetamine, cocaine and cocaine base on their persons.

17.     Additionally, pursuant to the Federal Grand Jury investigation cited above, Defendant Eric J. Hill admitted to planting drugs on citizens whom he arrested and was discharged from the Tulsa Police Department on August 18, 2010.  *See* "Corruption

Investigation of Tulsa Police Department,"
http://www.tulsaworld.com/webextra/continuingcoverage/default.aspx/Grand_jury_investigation_of_TPD/5 (last visited August 20, 2012). *See also* "Inter-Office Correspondence," dated August 18, 2010, Personnel Order 10-251, from Chuck Jordan, Chief of Police to Officer Eric Hill, GID, http://www.tulsaworld.com//webextra/content/items/news0820PO10-251.pdf (last visited September 8, 2013).

18.     Further, in 2000, Defendant Dan Tedrick, along with two other Tulsa Police Department officers, was found to have falsified police reports concerning an arrest (which included allegations of excessive force and false arrest), pursuant to an Internal Affairs investigation, for which Tedrick received a 45-day suspension upon the order of Defendant Ron Palmer. *See Tulsa Order of Police Lodge No. 93 v. City of Tulsa,* 2001 OK CIV APP 153, ¶ 2, 39 P.3d 152.

19.     Defendant Harold R. Wells, on June 10, 2011, was convicted of ten separate counts, and on December 6, 2011, was sentenced to ten (10) years in federal prison, to be followed by five (5) years probation. *See* "Corruption Investigation of Tulsa Police Department,"
http://www.tulsaworld.com/webextra/continuingcoverage/default.aspx/Grand_jury_investigation_of_TPD/5 (last visited August 20, 2012).

20.     Defendant Ernest Bruce Bonham was fired from the Tulsa Police Department on January 20, 2012, pursuant to an ongoing Internal Affairs investigation connected with the Federal Grand jury probe and Indictments. *See* "Corruption Investigation of Tulsa Police Department,"

http://www.tulsaworld.com/webextra/continuingcoverage/default.aspx/Grand_jury_investigation _of_TPD/5 (last visited August 20, 2012).

21.     In addition to the allegations above, reference the Indictment described *supra* in paragraph 13, other Tulsa Police officers not named in this action, specifically Officers Jeff M. Henderson and William A. Yelton, engaged in similar practices and patterns of conduct which are alleged below as follows:

a.      Count 14:  In 2005, Defendants Henderson and Yelton conspired to suborn perjury from an informant in order to fraudulently obtain a search warrant to prosecute a drug trafficking case against Bobby Wayne Haley, Sr., a matter that is also proceeding in the Northern District of Oklahoma.  *See Bobby Wayne Hale, Sr. et al. v. The City of Tulsa,* 10-cv-361-TDL.

b.      Count 15:  The acts alleged in Count 14, as referenced in subparagraph a *supra,* amounted to conspiracy by Defendants Henderson and Yelton to deprive Bobby Wayne Haley, Sr. of his civil rights.

c.      Count 16:  Defendant Henderson deprived James Fue of his civil rights by unlawfully seizing the person of James Fue by threatening Fue with a firearm.

d.      Count 17:   Defendant Henderson conspired with BATFE Agent McFadden in 2007 to obtain an illegal and fraudulent search warrant, and subsequently used said warrant to unlawfully enter and search the home of Ryan Logsdon, from which Henderson and McFadden seized drugs and money for their own use.

e.      Count 18:   From February 2007 to July 2010, Defendant Henderson conspired with BATFE Agent McFadden, along with yet another City of Tulsa Police Officer, John K. "J.J." Gray, to violate the civil rights of Jerry Hill by executing a search

warrant of Hill's home and seizing money pursuant to said warrant, money which was used for the personal benefit of Henderson, McFadden, and Gray.

f.      Count 19:  From May 2007 to June 2009, Defendant Henderson conspired with BATFE Agent McFadden and an unindicted co-conspirator to deprive Larry Wayne Barnes, Sr. and Larita Barnes of their civil rights by falsely alleging that Larry and Larita Barnes committed criminal acts constituting drug crimes by means of filing false reports and testifying falsely in court.

g.      Count 31:  Defendant Henderson violated the civil rights of Juan Mata and Nelson Arias in June 2007 by subjecting them to unlawful searches and seizures.

h.      Count 32:   Defendant Henderson conspired with BATFE Agent McFadden, along with unnamed others, to violate the civil rights of Isaias Gonzalez by unlawfully seizing from Gonzales drugs and money, which Henderson, McFadden and the others put to their personal use and benefit.

i.      Count 33:   Defendant Henderson violated the civil rights of Jason Williamson, Brandon Garland, and Donald Jordan in July 2007 by subjecting them to unlawful searches and seizures.

j.      Count 34:  Defendant Henderson violated the civil rights of Elton Shaw in July 2007 by subjecting him to unlawful search and seizure.

k.      Count 35:  Defendant Henderson violated the civil rights of Dustin Shelley in August 2007 by subjecting him to unlawful search and seizure.

l.      Count 36:  Defendant Henderson violated the civil rights of Corey Wayne Smith in August 2007 by subjecting him to unlawful search and seizure.

m.      Count 37:      Defendant Henderson conspired with BATFE Agent McFadden between September 2007 and April 2010 to violate the civil rights of Jose Angel Gonzalez by (1) unlawfully entering, searching and seizing a gun from the residence of Gonzalez, without a search warrant; (2) falsely reporting the use of a Confidential Informant in a search warrant affidavit to cover the afore-described search; and (3) causing another to falsely document the identity of the Confidential Informant in internal intelligence reports of the Tulsa Police Department.

n.      Count 38:   Defendant Henderson violated the civil rights of Alphie McKinney in July 2007 by subjecting him to unlawful search and seizure.

o.      Count 39:  Defendant Henderson violated the civil rights of Carah Bartel and William Kinnard in February 2008 by subjecting them to unlawful searches and seizures.

p.      Count 40:  Defendant Henderson violated the civil rights of Jamon Pointer and Lyndell Pointer in March 2008 by subjecting them to unlawful searches and seizures.

q.      Count 41:  Defendant Yelton violated the civil rights of Otis Colbert in March 2008 by subjecting him to unlawful search and seizure.

r.      Count 42:  Defendant Yelton violated the civil rights of Demetrius "Cleo" Hill in August 2008 by subjecting him to unlawful search and seizure.

s.      Count 43:   Defendant Henderson violated the civil rights of Cornelius Jones in November 2008 by subjecting him to unlawful search and seizure.

t.      Count 44:  Defendant Yelton violated the civil rights of Nathan Sanders in December 2008 by subjecting him to unlawful search and seizure.

u.      Count 45:   Defendant Henderson violated the civil rights of Ronald Crawford in January 2009 by subjecting him to unlawful search and seizure.

v.      Count 56:   Defendant Henderson violated the civil rights of Ebony Woods in April 2009 by subjecting her to unlawful search and seizure.

w.      Count 57:   Defendant Henderson violated the civil rights of Melanie Richardson and Seanta Sinclair in June 2009 by subjecting them to unlawful searches and seizures.

x.      Count 58:   Defendant Henderson violated the civil rights of Brandon Scott and Eliana Montoya-Rocha in August 2009 by subjecting them to unlawful searches and seizures.

y.      Count 59:   Defendants Henderson and Yelton conspired to commit witness tampering in the summer of 2008 by threatening BATFE Agent McFadden with a firearm and warning McFadden not to speak to anyone about the unlawful acts committed by and known to Henderson, Yelton and McFadden.

z.      Count 60:   Defendants Henderson and Yelton conspired to have Rochelle Martin provide untruthful testimony to a Grand Jury on or about February 2010.

aa.     Count 62:   Defendants Henderson and Yelton conspired to solicit another to do bodily harm against Waylon Dumas in May 2010 in retaliation for Dumas providing information to a law enforcement official pursuant to a federal criminal investigation.

22.     Concerning the allegations of the Indictment as stated above, the trial court in the above-referenced matter, the Honorable Bruce D. Black, sitting by designation for the Northern District of Oklahoma, found that "Defendants [Henderson and Yelton] interacted with scores of

other officers on arrests which are now alleged to be fraudulent and illegal." *United States of America v. Jeff M. Henderson and William A. Yelton*, 10-cr-117-BDB [*Dkt. No. 137*], "Court's Findings of Fact and Conclusions of Law on Motion to Dismiss Indictment," filed December 20, 2010.

23.     As of the date of this filing, pursuant to the investigation, indictments and allegations as alleged above, at least forty-eight (48) separate individuals have had their felony convictions overturned by a variety of state and federal courts, including Plaintiff Thomas Dale Ranes (which will be further developed below).  *See* "Corruption Probe Spurs Another Suit," Jarrel                                                                                                                           Wade,

http://www.tulsaworld.com/article.aspx/Grand_Jury_investigation_results_Defendants_or_convictions/20130316_222_0_hdefen390072  (last visited September 8, 2013).

24.     The apparent comfort and impunity with which a substantial number of City of Tulsa police officers committed acts constituting crimes and civil rights violations, which were perpetrated over a considerable period of time and against a not insignificant number of citizens, demonstrated that members of the City of Tulsa Police Department were at ease with routinely violating the constitutional rights of the citizenry.

25.     Consequently, these actions rise to the level of a persistent practice, evidenced by a pattern of tortious conduct which is so widespread and well-established as to constitute a custom or usage with the force of law, i.e. a policy of the municipality, Defendant City of Tulsa.

26.     Additionally, upon information and belief, Defendant Ron Palmer, in his role as Chief of Police and final policy-maker for the City of Tulsa Police Department regarding the investigation and discipline of his subordinates, as well as the assignments of Tulsa Police Department personnel, particularly concerning specialized units and the IAD, permitted specific

individuals connected with the above-named Defendants and officers of the Tulsa Police Department to be assigned to the Tulsa Police Department IAD in order to thwart or otherwise derail citizen complaints concerning the actions of Defendants and the other above-named City of Tulsa police officers.

27. Moreover, the volume, severity, pervasiveness, and continuity of the acts constituting civil rights violations on the part of numerous officers of the City of Tulsa Police Department, which were committed against a not insignificant number of citizens, and which were uncovered by an outside entity pursuant to its own inquiry, evinced an investigation on the part of Chief Ron Palmer that was so inadequate as to constitute ratification of the constitutional violations by the final policymaker, Defendant Palmer, thereby rising to the level of a policy /custom /practice /usage on the part of the City of Tulsa.

## STATEMENT OF FACTS:
### FACTS SPECIFIC TO VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS HILL /WELLS /BONHAM /TEDRICK /PALMER /CITY OF TULSA

28. Plaintiff Thomas Dale Ranes incorporates paragraphs 1 through 27 herein as if fully set forth verbatim.

29. On or about September 29, 2009, Plaintiff left his home immediately after his probation officer completed a home inspection, which was done pursuant to his sentence in Tulsa County Case No. CF-2009-3945, under which Plaintiff had pled "No Contest" on September 16, 2009, for one count of "Manufacturing Controlled Drug."

30. While Plaintiff maintained and continues to maintain his innocence in the above-described matter, Plaintiff entered the "No Contest" plea at the advice of counsel due to the fact that the matter would pit Plaintiff's credibility against that of Tulsa Police personnel, whose

credibility would be severely damaged less than one year later as a result of the endemic corrupt practices revealed by the federal investigation and indictments, as alleged *supra.*

31.     A short period of time after leaving his house on September 29, 2009, Plaintiff was legally operating his vehicle within the City of Tulsa and had a female passenger with him, Amanda Campbell ("Campbell").

32.     At that time, Plaintiff was pulled over by Defendant Eric Hill, who was employed as a City of Tulsa police officer, operating a marked patrol car and wearing a City of Tulsa Police Department uniform, for allegedly running two stop signs, allegations which were false and pretextual.

33.     Additionally, Plaintiff only had a photo copy of his driver's license, which was valid, but the actual license was in Plaintiff's wallet, which had been taken by Plaintiff's then estranged wife.

34.     Once Plaintiff was stopped, Hill ran his information and found that Plaintiff had the prior conviction under CF-2009-3945, as alleged *supra.*

35.     Pursuant to that information alone, without any articulable factors to demonstrate that either Plaintiff or Campbell were in possession of any drugs or contraband, Hill, with assistance from Defendants Wells, Bonham and Tedrick, ordered Plaintiff and his passenger out of Plaintiff's vehicle and illegally searched their persons, without a warrant or consent from Plaintiff or Campbell, and over the protestations of Campbell, all of which was done in contravention of Plaintiff's [and Campbell's] clearly established rights to be free from such searches under *Arizona v. Gant,* 556 U.S. 332, 129 S. Ct. 1710 (2009), a case with which Hill, in particular, was well-acquainted.

36.     In fact, when Plaintiff advised Campbell that she should just cooperate or "they will just take it out on [Plaintiff]," Wells laughed and told Campbell, "[Plaintiff] is right, you know."

37.     After finding nothing incriminating on either Plaintiff or Campbell, Hill requested of Plaintiff consent to search Plaintiff's vehicle, to which Plaintiff gave his consent.

38.     The search of Plaintiff's vehicle similarly found that nothing illegal was contained therein.

39.     With both searches proving fruitless, Hill, knowing that issuing traffic citations to Plaintiff could cause his probation to be revoked, threatened to issue two citations for Running a Stop Sign and one citation for Failure to Have DL on Person unless Plaintiff gave Hill and the other officers consent to search Plaintiff's home, which was miles away from the location of the traffic stop.

40.     Plaintiff, knowing that his residence had just been subjected to a thorough inspection by his probation officer, as well as fearing that his probation could be revoked if Hill did issue the citations, granted his "consent" to have his home searched.

41.     Consequently, despite having no articulable reasons to conduct such a search, Hill, Wells, Bonham and Tedrick transported Plaintiff and Campbell to Plaintiff's residence and searched it.

42.     After searching the house for a substantial amount of time and finding nothing, Wells returned to his patrol car for a period of time, and after Wells returned to Plaintiff's residence, items were suddenly found allegedly connecting Plaintiff to the manufacture of methamphetamine by Defendant officers, all of whom have subsequently been discredited, as alleged *supra.*

43.     Pursuant to the items allegedly found by these officers /Defendants, Plaintiff was arrested and charged with one count of Unlawful Possession of Controlled Drug, Tulsa County Case Number CF-2009-4654.

44.     The reports and testimony submitted by the Defendant officers included false and contrived information and evidence, either by including outright falsehoods or by omitting material facts, through which the Defendant officers intentionally misrepresented what had transpired during the encounter between Plaintiff and the Defendant officers.

45.     The falsifying of reports and testimony, particularly by Officer Eric Hill, was a routine practice on the part of Eric Hill by the time of Plaintiff's arrest.  *See* paragraph 17 above. *See also State of Oklahoma v. Patrick London,* CF-2009-244, Transcript of Motion Hearing held on March 19, 2010, which can be viewed at http://www.tulsaworld.com//webextra/content/items/CaseDimissed.pdf (last visited September 8, 2013).

46.     Pertaining to the matter referenced above in paragraph 45, Defendant Eric Hill used the ruse of a traffic stop to fabricate a drug case against Patrick London, falsely alleging knowledge of warrants for London as the basis for a search incident to arrest, warrants which Hill did not acquire until *after* he conducted his unlawful search and false arrest of London, events which occurred in *January* of 2009, *eight months* prior to the arrest of Plaintiff, which gave rise to the instant matter.  *See Id.*

47.     Plaintiff was once again faced with the Hobson's choice of going to trial and attempting to win a battle of credibility, his versus the police, or take a plea agreement which would reduce the length of time for which he could be incarcerated.

48.     Thus, pursuant to advice of counsel, Plaintiff again pled "No Contest" to the most recent charge, for which his suspended sentence /probation under CF-2009-3945 was revoked and for which Plaintiff was sentenced to time in prison.

49.     However, beginning in July 2010, as alleged *supra,* matters began to unravel for Defendants Hill, Wells and Bonham, as all were implicated in a variety of civil rights violations uncovered during a federal grand jury probe into systemic Tulsa Police Department corruption that spanned several years.

50.     Thus, with new evidence and revelations concerning Hill, Wells and Bonham, as well as documented misbehavior on the part of Defendant Tedrick in his official capacity, Plaintiff filed for post-conviction relief in both CF-2009-3945 and CF-2009-4654, which were originally denied by the Tulsa County District Court, but were ultimately granted after the Oklahoma Court of Criminal Appeals ("OCCA") reversed said denials.  *See* "Order Reversing Judgments Denying Post-Conviction Relief and Remanding to District Court for Further Post-Conviction Proceedings," PC-2011-362 (OCCA, September 6, 2011).

51.     On October 27, 2011, the Tulsa County District Court vacated the conviction entered against Plaintiff under CF-2009-4654, based in part on the "evidence concerning the criminal wrongdoing on the part of former Tulsa Police Officer Eric Hill."  *See* "Order Granting Petitioner's 'Application for Post-Conviction Relief' and "Order Vacating the Petitioner's Judgment and Sentence in the Above Styled Cause," CF-2009-4654 (October 27, 2011).

52.     On December 5, 2011, the Tulsa County District Court vacated the revocation of Plaintiff's suspended sentence /probation under CF-2009-3945, based in part on the "evidence concerning the criminal wrongdoing on the part of former Tulsa Police Officer Eric Hill."  *See* "Order Granting Petitioner's 'Application for Post-Conviction Relief' and Order Vacating the

Petitioner's Judgment and Sentence in the Above Styled Cause," CF-2009-3945 (December 5, 2011).

53.     Subsequent to the unlawful and corrupt practices of the Tulsa Police Department, by and through its agents, specifically, Defendants Eric J. Hill, Harold R. Wells, Ernest Bruce Bonham, and Dan Tedrick, all of whom have been disciplined, discharged, and /or imprisoned for their documented pattern of civil rights violations, Plaintiff, contrary to his right to be free from such intrusions on his liberty, was unlawfully detained /incarcerated from September 23, 2009 through December 20, 2010, without justification or cause.

54.     Additionally, in another civil rights matter arising out of the Tulsa Police Department corruption grand jury investigation, as chronicled herein (*see* paragraph 21, subparagraphs a and b *supra*), the Northern District of Oklahoma refused to dismiss an action against the City of Tulsa, finding in that matter that sufficient plausible facts existed to demonstrate "a pattern of conduct – and a failure on the part of the City to police such conduct – to withstand a motion to dismiss."  *See Bobby Wayne Haley, Sr. v. City of Tulsa*, 10-CV-361-TDK-FHM, Order of May 31, 2011 denying Defendant City of Tulsa's Motion to Dismiss [*Dkt. No. 52*], p. 10.

55.     Moreover, in that same matter referenced in Paragraph 53 above, the Northern District refused to grant summary judgment on behalf of the City of Tulsa, finding that there was "sufficient evidence to create a jury question as to whether the City was on notice of potential constitutional violations by [Jeff] Henderson *and other police officers* prior to [Haley's] arrest" (which occurred on May 27, 2004, over five years in advance of Plaintiff Tom Ranes's arrest), and further, that Haley presented "sufficient evidence that, if believed by a jury, would support a finding of deliberate indifference to the need for training on civil rights matters."  See *Id.,* Order

of June 4, 2013 denying Defendant City of Tulsa's Motion for Summary Judgment [*Dkt. No. 125*], pp. 12-13 (emphasis added).

56.     Plaintiff, by and through retained counsel, consistent with 51 OKLA. STAT. ANN. § 156, filed an Oklahoma Governmental Tort Claims Act ("GTCA") Notice with the City of Tulsa City Clerk on December 28, 2011, and received confirmation of receipt by the City in a letter dated January 4, 2012, both of these dates being within one year of Plaintiff being granted post-conviction relief in cases CF-2009-3945 and CF-2009-4654.

57.     Pursuant to the submission of said GTCA Notice, ninety (90) days passed without resolution of Plaintiff's claims, meaning that Plaintiff's claims are deemed denied by the City of Tulsa as of April 3, 2012, under 51 OKLA. STAT. ANN. § 157.

58.     This matter was timely filed, in that the filing of the original Complaint occurred on September 14, 2012 [*Dkt. No. 3*], which was within 180 days of the expiration of the 90-day period.

59.     Further, said original Complaint was filed within two years of the "Order Vacating the Petitioner's Judgment and Sentence in the Above Styled Cause," CF-2009-4654 (October 27, 2011), which was the Order that terminated the at-issue underlying criminal case in Plaintiff's favor.

**FIRST CAUSE OF ACTION: MALICIOUS PROSECUTION /UNCONSTITUTIONAL DEPRIVATION OF DUE PROCESS**
**42 U.S.C.A. § 1983**
**As to All Defendants**

60.     Plaintiff Thomas Dale Ranes incorporates paragraphs 1 through 59 herein as if fully set forth verbatim.

61.     Defendants Eric J. Hill, Harold R. Wells, Ernest Bruce Bonham, and Dan Tedrick, acting under color of law as police officers for Defendant City of Tulsa, caused Plaintiff's

continued confinement and /or prosecution by knowingly, willfully, and maliciously alleging false claims, under oath, before a Tulsa County District Court, and additionally, by presenting false evidentiary exhibits to said District Court, with the objective of obtaining an invalid conviction unsupported by probable cause.

62.    As a result of the falsified testimony and evidence presented by the above-named Defendants, Plaintiff was found guilty and convicted of an offense he did not commit under Tulsa County Case Number CF-2009-4654, and was incarcerated for in excess of one year, until such conviction was vacated by order of the Tulsa County District Court.

63.    By intentionally and maliciously presenting falsified material information, as described *supra,* Defendants unlawfully and intentionally set into motion a series of events that deprived Plaintiff of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

64.    Pursuant to an application for post-conviction relief, the action under CF-2009-4654 was terminated in Plaintiff's favor, in that Plaintiff's conviction was overturned by the order of the Tulsa County District Court on October 27, 2011, and the State of Oklahoma, by and through the Tulsa County District Attorney's Office, did not contest the vacating of the conviction, nor did it pursue any further action against Plaintiff in that matter.

65.    Due to the unlawful acts of the above-named Defendants, and the subsequent remedial actions by the District Court and the State of Oklahoma, it was demonstrated that there was no probable cause to support the original arrest, continued confinement, or prosecution of Plaintiff.

66.    Said actions were consistent with a pattern /practice /custom /usage of the City of Tulsa, through its police department, which is evidenced by a pattern of tortious conduct which

was so widespread and well-established as to constitute a custom or usage with the force of law, i.e. a policy of the municipality, Defendant City of Tulsa, as the above-named Defendants, particularly Eric J. Hill, had been engaging in similar activities over a number of years without training, discipline, or correction by Defendant City of Tulsa which would remediate such unlawful conduct.

67.     Additionally, said actions were taken with the acquiescence and ratification of a final policymaker for the City of Tulsa Police Department, Defendant Ron Palmer, who, due to the pervasiveness of these types of actions by personnel under his command, and over whom he had final authority concerning transfers and assignments, as well as internal investigations of misconduct, knew or should have known of the pattern and practice of civil rights violations within the Tulsa Police Department, and whose acts and omissions evinced an investigation on the part of Defendant Palmer that was so inadequate as to constitute ratification of the constitutional violations by the final policymaker, Defendant Palmer, thereby rising to the level of a policy /custom /practice /usage on the part of the City of Tulsa.

68.     Furthermore, because Defendant Ron Palmer was a final policymaker for the City of Tulsa Police Department, particularly pertaining to transfers, assignments, and internal investigations, Defendant Palmer's acts and omissions in the face of the pervasive civil rights violations committed by personnel under his command evinced a failure, on the part of Defendant Palmer, to supervise and discipline Tulsa Police Department personnel, that constituted a repudiation of constitutional rights and was the moving force behind the violations.

69.     All of the actions described above were taken against Plaintiff under color of law and with deliberate indifference to the clearly-established rights of Plaintiff, which are guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

70.     As a direct and proximate result of the above-described unlawful actions by Defendants, Plaintiff suffered unlawful and prohibited deprivations of his liberty, which occurred without due process of law.

71.     Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

### PUNITIVE AND EXEMPLARY DAMAGES
**As to Defendants Eric J. Hill /Harold R. Wells /Ernest Bruce Bonham
/Dan Tedrick /Ron Palmer
In Their Individual Capacities**

72.     Plaintiff Thomas Dale Ranes incorporates paragraphs 1 through 71 herein as if fully set forth verbatim.

73.     The acts and omissions by Defendants Eric J. Hill, Harold R. Wells, Ernest Bruce Bonham, Dan Tedrick, and Ron Palmer, in their individual capacities, as set forth in the preceding paragraphs, demonstrate that Defendants were engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

74.     As a direct result of Defendants' malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court will grant the following:

A.     Award Plaintiff all actual damages, economic and non-economic, including those emanating from physical pain, mental anguish and emotional distress, in an amount exceeding seventy five thousand dollars ($75,000.00).

B.     Award Plaintiff damages for violations of his constitutional rights.

C.     Award Plaintiff punitive damages to the extent permitted by law.

D.	Award attorney's fees under 42 U.S.C. § 1988(b) and any other applicable provision of law.

E.	Award any and all further relief this Court deems just and equitable.

Respectfully submitted,

**RICHARDSON RICHARDSON**
**BOUDREAUX KEESLING**


/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
drk@rrbklaw.com
tsk@rrbklaw.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Clark Otto Brewster, OBA No. 1114
Guy Anthony Fortney, OBA No. 17027
Mark Byron Jennings, OBA No. 10082
Corbin C. Brewster, OBA No. 22075
**BREWSTER & DE ANGELIS PLLC**
2617 East 21st Street
Tulsa, Oklahoma 73069
(918) 742-2012 – Telephone
(918) 742-2197 – Facsimile
Cbrewster@brewsterlaw.com
Gfortney@brewsterlaw.com
mjennings@brewsterlaw.com
ccbrewster@brewsterlaw.com
***Attorneys for Defendants:***
***City of Tulsa***
***Ron Palmer***

-AND-

Gerald M. Bender, OBA No. 14471
Litigation Division Manager
Brandon J. Burris, OBA No. 21619
Senior Assistant City Attorney
City Hall @ One Technology Center
175 East Second Street, Suite 685
Tulsa, Oklahoma 74103
(918) 596-7717 – Telephone
(918) 596-9700 – Facsimile
gbender@cityoftulsa.org
bburriss@cityoftulsa.org
***Attorneys for Defendants:***
***Harold R. Wells***
***Ernest Bruce Bonham***
***Dan Tedrick***

       **-AND-**

William Dixon Lunn, OBA No. 5566
320 South Boston, Suite 1130
Tulsa, Oklahoma 74103
(918) 582-9977 – Telephone
(918) 584-6632 – Facsimile
***Attorney for Defendant:***
***Harold R. Wells***

I also certify that on the 10th day of September, 2013, I caused a true and correct copy of the foregoing document to be sent to following, via certified mail, at his last known address:

Eric J. Hill
610 North Ross Street
Sapulpa, Oklahoma 74066

       /s/ Timothy S. Kittle